## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No.

Shelli Buhr, on behalf of herself and others similarly situated,

        Plaintiff,

v.

ADT Inc. and ADT LLC,

        Defendant

## CLASS ACTION COMPLAINT

Plaintiff Shelli Buhr ("Plaintiff"), individually and on behalf of others similarly situated, alleges the following against ADT Inc. and ADT LLC (together, "ADT" or "Defendant"):

### SUMMARY OF THE ACTION

1. Since August 2017, Plaintiff has received at least 175 unwanted calls from ADT. ADT used an automatic telephone dialing system ("ATDS") to repeatedly call Plaintiff's cellular phone—sometimes three times per day—despite the fact that Plaintiff requested that ADT stop calling her cellular phone.

2. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from the unlawful conduct of Defendant in placing non-emergency calls to the cellular telephones of Plaintiff and Class members without their prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

### PARTIES

3. Defendant ADT Inc. is a Delaware corporation with its headquarters and principal place of business in Boca Raton, Florida.

4. Defendant ADT LLC is a Delaware corporation with its headquarters and principal place of business in Boca Raton, Florida.

5. Plaintiff Shelli Buhr is a citizen of California who resides in Victorville, California.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the TCPA, 47 U.S.C. § 227, *et seq*.

7. In addition, this Court has jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332, because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of class members exceed $5,000,000 exclusive of attorney fees, pre-judgment interest, and costs, because each putative class member is entitled to $500.00 per call negligently placed in violation of the TCPA, or $1,500.00 per call knowingly or willfully placed in violation of the TCPA; and (3) Plaintiff and Defendant reside in different states.

8. This Court has personal jurisdiction over Defendant because its principal place of business is within this District and it has sufficient minimum contacts in Florida to render the exercise of jurisdiction by this Court proper and necessary.

9. Venue is likewise proper in this District under 28 U.S.C. § 1391(b) because Defendant's principal place of business is within this District.

## FACTUAL ALLEGATIONS

**A. ADT Placed Non-Emergency Calls on Plaintiff's Cellular Phone Without Her Prior Express Consent**

10. On August 3, 2017, Plaintiff received a call from ADT on her cellular telephone regarding a debt she allegedly owed to ADT. Plaintiff answered the call and informed ADT that she did not want to receive calls from ADT on her cellular phone.

11. On August 15, Plaintiff received another call from ADT on her cellular phone. She did not answer the call. Plaintiff also received a text message from ADT on her cellular phone on August 15. The text message came from messagefromadt@adt.com and requested that Plaintiff call ADT account services at "8002592478." Plaintiff replied to the text message by informing ADT that it had texted her cellular phone and that she did not want to receive communications from ADT on her cellular phone.

12. On August 16, Plaintiff received another call from ADT on her cellular phone. Plaintiff answered and again asked the ADT representative not to call her cellular phone. The ADT representative replied that ADT would continue to call her despite her request.

13. Between August 16, 2017 and March 8, 2018, Plaintiff received at least 174 calls from ADT on her cellular phone. In many cases, Plaintiff received three calls per day from ADT.

14. Plaintiff never consented to receive such calls to her cellular phone, and to the extent any alleged consent was given due to her contractual relationship with ADT, Plaintiff revoked any prior consent to receive calls from ADT on her cellular phone by twice telling an ADT representative that she did not want to receive calls on her cellular phone and by texting the same to ADT. Subsequent to her request to stop further calls, Plaintiff did not provide consent for ADT to contact her.

15. Each call ADT made to Plaintiff's cellular phone after August 16, 2017 was knowing and willful.

16. ADT's calls to Plaintiff had no emergency purpose. Rather, ADT advised Plaintiff that its calls were for the purpose of collecting an alleged debt.

**B. ADT Used an Automatic Telephone Dialing System**

17. ADT called Plaintiff on her cellular phone using an ATDS. When Plaintiff answered ADT's calls on August 15 and 16, there was a time interval before an ADT representative joined the line, which is characteristic of an automated dialer. ADT also left voicemails with pre-recorded or artificial voices on Plaintiff's cellular phone.

18. ADT is a publicly traded company with a market cap that exceeds $6 billion.[1] ADT services 8 million customers,[2] which requires a sophisticated phone system capable of storing phone numbers and dialing them automatically.

19. Plaintiff's caller ID identified 1-800-522-2455 as the phone number associated with all of the calls she received from ADT. When Plaintiff attempted to return ADT's calls by dialing 1-800-522-2455 or 1-800-259-2478 (the number provided in ADT's text message), she encountered a pre-recorded response that said "Welcome to ADT, always there," and then offered a list of generic options for routing the call.

**C. ADT's Violations of the TCPA Harmed Plaintiff**

20. Plaintiff carries her cellular phone with her at most times so she can be available to family (including her children), friends, and her employer.

21. ADT's repeated calls invaded Plaintiff's privacy and intruded upon her right to seclusion. The calls frustrated and upset Plaintiff by constantly interrupting her daily life and

---

[1] https://finance.yahoo.com/quote/ADT?p=ADT (last visited May 1, 2018).
[2] https://www.adt.com/about-adt (last visited May 1, 2018).

4

wasted her time by requiring Plaintiff to retrieve and administer messages left by Defendant's calls.

22. ADT's calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The clutter of ADT calls also impaired the usefulness of the call log feature of Plaintiff's cellular phone.

23. Plaintiff's attempts to block or reject ADT's calls still resulted in ringing and other alerts to Plaintiff's cellular phone.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following class:

> All persons within the United States who, within the four years prior to the filing of this action, (i) received any non-emergency telephone call from Defendant or its agents and/or employees; (ii) to said person's cellular telephone; (iii) through the use of an automatic telephone dialing system and/or with an artificial or prerecorded voice; (iii) which call was not made with the recipient's prior express consent.

25. Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and the parties' counsel in this litigation. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class; it does not seek recovery for personal injury and claims related thereto. Members of the above-defined Class can be identified through Defendant's records.

26. **Numerosity**. The exact size of the class is information within the exclusive knowledge of Defendant, but Plaintiff believes there are at least thousands of Class members. This allegation is likely to have evidentiary support after a reasonable opportunity for further

investigation or discovery. This allegation is based on the following information: (1) ADT services 8 million customers; (2) the purpose of automated dialers is to call numerous persons in a short amount of time; and (3) many consumers have lodged complaints online about unwanted calls received from ADT.[3]

27.     The alleged size and geographic dispersal of the Class makes joinder of all Class members impracticable.

28.     **Commonality and Predominance**. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

(a)     Whether Defendant's dialing system(s) constitute an automatic telephone dialing system under the TCPA and/or the FCC's rules;

(b)     Whether, within the four years prior to the filing of this Complaint, Defendant used an automatic telephone dialing system to place non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

(c)     Whether, within the four years prior the filing of this Complaint, Defendant used an artificial or prerecorded voice in connection with its placement of non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

(d)     Whether Defendant's telephone calls were made knowingly or willfully;

(e)     Whether Plaintiff and Class members were damaged by receiving such calls, and the extent of those damages; and

---

[3] *E.g.*, https://800notes.com/Phone.aspx/1-800-522-2455/3 (last visited May 1, 2018).

(f) Whether Defendant should be enjoined from engaging in such conduct in the future.

29. **Typicality**.  Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class members, has been injured by Defendant's uniform misconduct—the placement of non-emergency calls on cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice without prior express consent.

30. **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action.  Plaintiff has retained counsel experienced in complex consumer class action litigation and matters involving TCPA violations.

31. **Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, class members are unlikely to pursue legal redress individually for the violations detailed in this complaint.  Class-wide damages are essential to induce Defendant to comply with Federal law.  Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings.  By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

32.     Class certification is also appropriate under Rule 23(b)(2) because Defendant has acted and refused to act on grounds that apply generally to the Class such that final injunctive and/or declaratory relief is warranted with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227,** *et seq*

33.     Plaintiff reincorporates and restates paragraphs 1-32 herein, and further alleges as follows:

34.     Without prior express consent, Defendant placed non-emergency calls on the cellular telephones of Plaintiff and Class members using an automatic telephone-dialing system.

35.     The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii).

36.     Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

37.     Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

**SECOND CLAIM FOR RELIEF**
**Knowing or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227,** *et seq*

38.     Plaintiff reincorporates and restates paragraphs 1-32 herein, and further alleges as follows:

8

39. Without prior express consent, Defendant knowingly or willfully placed non-emergency calls on the cellular telephones of Plaintiff and Class members using an automatic telephone-dialing system.

40. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii).

41. Pursuant to 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every non-emergency call placed in violation of the statute.

42. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

(a) Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the class defined above and appointing Plaintiff as the Class representative;

(b) Award $500 in statutory damages for each and every call that Defendant negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(c) Award $1,500 in statutory damages for each and every call that Defendant willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(d) Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant to implement measures to stop future violations of the TCPA; and

(e) Grant such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: May 9, 2018              Respectfully submitted,

By: s/Adam Moskowitz
Adam M. Moskowitz, Esq.
adam@moskowitz-law.com
Howard M. Bushman, Esq.
howard@moskowitz-law.com
Joseph M. Kaye, Esq.
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza
Suite 601
Coral Gables, FL 33134
Telephone: 305 740-1423

*Counsel for Plaintiff and the Proposed Class*


By: s/ *Simon S. Grille*
Daniel C. Girard (*pro hac vice* forthcoming)
Simon S. Grille (*pro hac vice* forthcoming)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
dcg@girardgibbs.com
sg@girardgibbs.com

*Counsel for Plaintiff and the Proposed Class*