UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


Case No.  18-80605-CIV-ROSENBERG /REINHART


SHELLI BUHR,

                              Plaintiff,

v.

ADT, INC. & ADT, LLC,

                              Defendants.

_____/

**STANDING DISCOVERY ORDER FOR**
**MAGISTRATE JUDGE BRUCE REINHART**

The following procedures are designed to help the parties and the Court work together to timely resolve discovery disputes without undue delay and unnecessary expense.

I.        **PROCEDURES FOR DISCOVERY DISPUTES**

   **A.** Pre-hearing Communication. If a discovery dispute arises, counsel must actually speak to one another (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking Court intervention. The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes in an attempt to resolve the discovery issue prior to setting a hearing. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.

   **B.** Hearing Procedures. If, after conferring, parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge Reinhart will  set the matter for a hearing pursuant to the following procedures.  No discovery motions shall be filed until

after the parties have engaged in this process.  If the dispute is not resolved at the discovery hearing, then the Court will consider authorizing the filing of an appropriate discovery motion.

The moving party may request a discovery hearing by sending an email to reinhart@flsd.uscourts.gov.  The subject line of the email shall be "Request for Discovery Hearing".  The email shall provide the Court with **two afternoons in the following seven business days where all parties are available.**  The email shall state the amount of time that the parties anticipate needing for the hearing.  The email shall be **copied to all counsel**, and shall certify that the moving party has conferred with opposing counsel and **confirmed opposing counsel's availability on the proposed dates**.  The Court will enter an order setting the hearing.  **Counsel are required to appear in person at the discovery hearing.**

Within 24 hours of the Court setting the hearing, the movant shall file on the docket a concise discovery memorandum of three pages or less (1) specifying the substance of the discovery matter to be heard (e.g., "The parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 5, 6-9," or "The parties dispute the number of depositions permitted."); (2) certifying that the parties have complied with the pre-hearing communication requirement set forth above; and (3) attaching a copy of all source materials relevant to the discovery dispute (e.g., if the dispute concerns interrogatories, the interrogatories at issue and any responses thereto shall be provided to Chambers).  A response is not required.  If an opposing party wishes to respond, however, such responding party may do so provided that such response is no longer than three pages in length and filed on the docket within 24 hours of receiving the movant's discovery memorandum.

## II.   RULE 26(b)(1)

Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, defines the scope of permissible discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Therefore, an objection that a discovery request is not reasonably calculated to lead to admissible evidence is based upon an outdated discovery standard.  Such an objection is meaningless and will be found meritless by this Court.  An objection based on relevance or proportionality must include a specific explanation describing why the request lacks relevance and/or why the requested discovery is disproportionate in light of the factors listed in Rule 26(b)(1).

## III.   DISCOVERY OBJECTIONS

### A.   Boilerplate or General Objections

The parties shall not make nonspecific, boilerplate objections.  *See, e.g.*, Local Rule 26.1(e)(2)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with

specificity all grounds.").  The parties also shall not make General Objections that are not tied to a particular discovery request.  Such objections are meaningless and will be found meritless by this Court.

### B.   Vague, Overly Broad, and Unduly Burdensome

Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be found meritless by this Court.  A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33 (b)(4) and 34 (b)(2)(B); *See also Democratic Republic of Congo v. Air Capital Grp., LLC,* No. 12-CIV-20607, 2018 WL 324976, at *3 (S.D. Fla. Jan. 8, 2018) (citing *Sallah v. Worldwide Clearing LLC,* 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) ("A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.")).

If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel prior to objecting on vagueness grounds.  Similarly, if a party believes a discovery request is overbroad or unduly burdensome, that party shall confer in good faith with opposing counsel to narrow the scope of the request before asserting these objections; the objecting party nevertheless shall respond as to those matters for which the scope or burden is not contested.  For example, if there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to the time period or locations that are not disputed.  Thus, if discovery is sought nationwide for a

ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

### C.   Formulaic Objections Followed by an Answer

A party shall not recite a formulaic objection followed by an answer to the request.  It has become common practice for a party to object to a discovery request, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a response preserves nothing and serves only to waste the time and resources of the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the discovery request (as propounded) has actually been fully answered or whether the response relates only to the request as unilaterally narrowed by the responding party.  Federal Rule of Civil Procedure 34(b)(2)(C) requires the objection to "state whether any responsive materials are being withheld on the basis of that objection."

### D.   Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or work product doctrine also do not comply with the Local Rules.  Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, inter alia, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other.  The parties are instructed to review Local Rule 26.1(e)(2)(B) and (C).  If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, this 11th day of June, 2018.

_____
BRUCE REINHART
United States Magistrate Judge