UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

No. 9:18-cv-80605-Rosenberg/Reinhart

SHELLI BUHR,

       Plaintiff,

           v.

ADT INC. & ADT LLC,

       Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants ADT Inc. and ADT LLC (together, "ADT"), by and through their undersigned attorneys, hereby file their Answer and Affirmative Defenses to the complaint. ADT denies each and every allegation not specifically admitted, qualified, or explained and, in response to each of the numbered allegations in the Complaint, states as follows:

### SUMMARY OF THE ACTION

1. ADT admits that it placed calls to Plaintiff, but otherwise denies knowledge or information sufficient to form a belief as to whether Plaintiff, in fact, "received" calls from ADT. ADT denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. ADT admits that Plaintiff brings this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"). ADT otherwise denies the remaining allegations contained in Paragraph 2 of the Complaint and specifically denies that it has violated the TCPA.

### PARTIES

3. ADT admits the allegations contained in Paragraph 3 of the Complaint but denies ADT Inc. is a proper party in this lawsuit.

1

4.      ADT admits that it is a Delaware limited liability company and otherwise admits the remaining allegations contained in Paragraph 4 of the Complaint.

5.      ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      The allegations contained in Paragraph 6 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT admits the allegations contained in Paragraph 6 of the Complaint.

7.      The allegations contained in Paragraph 7 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT denies the allegations contained in Paragraph 7 of the Complaint.  Moreover, ADT specifically denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

8.      The allegations contained in Paragraph 8 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT admits the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT admits the allegations contained in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

**A.  ADT Placed Non-Emergency Calls on Plaintiff's Cellular Phone Without Her Prior Express Consent**

10.      ADT admits the allegations contained in Paragraph 10 of the Complaint.

11.     ADT admits that it placed a call to Plaintiff on August 15, 2017, and that ADT sent a text message to Plaintiff on that same date, but denies knowledge or information sufficient to form a belief about whether Plaintiff, in fact, "received" either the call or text message.  ADT admits the second sentence of Paragraph 11 of the Complaint.  ADT otherwise denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     ADT admits that it placed a call to Plaintiff on August 16, 2017, but denies knowledge or information sufficient to form a belief about whether Plaintiff, in fact, "received" the call.  ADT otherwise denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     ADT admits that it placed calls to Plaintiff between August 16, 2017 and March 8, 2018, but denies knowledge or information sufficient to form a belief about whether Plaintiff, in fact, "received" those calls, and otherwise denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     ADT denies the allegations contained in the first sentence of Paragraph 14 of the Complaint.  ADT admits the allegations contained in the second sentence of Paragraph 14 of the Complaint.

15.     ADT denies the allegations contained in Paragraph 15 of the Complaint.

16.     ADT admits that it called Plaintiff to collect a debt that Plaintiff owed to ADT. ADT further responds that the allegations contained in the first sentence of Paragraph 16 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT admits the allegations contained in the first sentence of Paragraph 16 of the Complaint.

**B   ADT Used an Automatic Telephone Dialing System**

17.     ADT denies the allegations contained in the first sentence of Paragraph 17 of the Complaint and otherwise denies knowledge or information sufficient to form a belief about the remaining allegations contained in Paragraph 17 of the Complaint.

18.     ADT LLC denies the allegations contained in the first sentence of Paragraph 18 of the Complaint.  ADT Inc. denies the allegations contained in the second sentence of Paragraph 18 of the Complaint.  Further, to the extent the allegations in Paragraph 18 purport to characterize the content of publicly-available sources, ADT specifically denies the characterization of those sources to the extent such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of those sources.  ADT further denies that ADT's phone system is "a sophisticated phone system capable of storing phone numbers and dialing them automatically."

19.     ADT admits that the phone numbers identified in Paragraph 19 of the Complaint are phone numbers associated with ADT.  ADT otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint.

**C.  ADT's Violations of the TCPA Harmed Plaintiff**

20.     ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     ADT denies the allegations contained in the first sentence of Paragraph 21 of the Complaint.  ADT denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

22.     ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint.

## CLASS ACTION ALLEGATIONS

24.     The allegations asserted in Paragraph 24 of the Complaint assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

25.     The allegations asserted in Paragraph 25 of the Complaint assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

26.     The allegations asserted in Paragraph 26 of the Complaint assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

27.     The allegations asserted in Paragraph 27 of the Complaint assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

28.     The allegations asserted in Paragraph 28 of the Complaint, including all of its subparts, assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled

to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

29.     The allegations asserted in Paragraph 29 of the Complaint, including all of its subparts, assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

30.     The allegations asserted in Paragraph 30 of the Complaint, including all of its subparts, assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

31.     The allegations asserted in Paragraph 31 of the Complaint, including all of its subparts, assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

32.     The allegations asserted in Paragraph 32 of the Complaint, including all of its subparts, assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

**FIRST CLAIM FOR RELIEF**
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq***

33.     ADT repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 32 of the Complaint as though set forth again in full.

34.     ADT denies the allegations contained in Paragraph 34 of the Complaint.

35.     ADT denies the allegations contained in Paragraph 35 of the Complaint.

36.     ADT denies the allegations contained in Paragraph 36 of the Complaint.

37.     ADT denies the allegations contained in Paragraph 37 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Knowing or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq***

38.     ADT repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 32 of the Complaint as though set forth again in full.

39.     ADT denies the allegations contained in Paragraph 39 of the Complaint.

40.     ADT denies the allegations contained in Paragraph 40 of the Complaint.

41.     ADT denies the allegations contained in Paragraph 41 of the Complaint.

42.     ADT denies the allegations contained in Paragraph 42 of the Complaint.

**PRAYER FOR RELIEF**

With respect to Plaintiff's Prayer for Relief included at the conclusion of Plaintiff's Complaint:

(a)     ADT denies that Plaintiff is entitled to an Order certifying any class as sought in Paragraph (a).  Further, ADT denies that Plaintiff is entitled to bring this action on behalf of a class and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

(b)     ADT denies that Plaintiff is entitled to any award of damages as sought in Paragraph (b).

(c)     ADT denies that Plaintiff is entitled to any award of damages as sought in Paragraph (c).

(d)     ADT denies that that Plaintiff is entitled to any declaratory or injunctive relief as sought in Paragraph (d).

(e)     ADT denies that Plaintiff is entitled to any other relief as sought in Paragraph (e).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against ADT.

### Second Affirmative Defense

Plaintiff and each putative class member consented to receive the calls over which they complain.

### Third Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred by their failure to mitigate damages.

### Fourth Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred because Plaintiff and each putative class member lacks standing to assert any claims against ADT.

### Fifth Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred by the doctrine of unclean hands, doctrine of waiver, estoppel, and/or release.

## Sixth Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred because Plaintiff and each putative class member ratified, consented to, and approved the conduct of which Plaintiff and each putative class member now complain.

## Seventh Affirmative Defense

Plaintiff's and each putative class member's purported claims for claims for injunctive and/or declaratory relief are barred because Plaintiff and each putative class member cannot show that they have suffered or will suffer any irreparable harm or future harm from ADT's alleged actions.

## Eighth Affirmative Defense

Plaintiff's and each purported class member's purported claims for equitable relief, including but not limited to claims for an injunction and/or declaratory relief, are barred because they have an adequate remedy at law.

## Ninth Affirmative Defense

To the extent that the Complaint seeks treble damages, it violates ADT's rights to protection against excessive fines, and equal protection and procedural and substantive due process under the Fifth and Fourteenth Amendment to the U.S. Constitution and, therefore, fails to state a basis upon which such damages may be awarded.

## Tenth Affirmative Defense

To the extent that Plaintiff, or any putative class member, has agreed to arbitrate the purported claims asserted in the Complaint, the Complaint violates such agreement to arbitrate and should be dismissed and/or stayed and Plaintiff, or any putative class member, should be compelled to arbitrate.

### Eleventh Affirmative Defense

Plaintiff's, and each putative class member's, claims for damages are limited by the limitation on damages provision contained in a valid and binding contract between Plaintiff, or each putative class member, and ADT.

### Twelfth Affirmative Defense

Plaintiff's and each putative class member's purported claims for relief are barred for failure to satisfy the criteria for class certification in accordance with Fed. R. Civ. P. 23.

### Thirteenth Affirmative Defense

ADT expressly reserves the right to raise additional affirmative or other defenses that may be established by discovery and the evidence in this case.

WHEREFORE, ADT requests that this Court enter a judgment as follows:

1. dismissing the Complaint in its entirety with prejudice;

2. awarding ADT its costs of suit including reasonable attorneys' fees; and

3. other and further relief that this Court deems just and proper.


Dated: June 14, 2018                    Respectfully submitted,

**McNEW P.A.**

 /s/ C. Sanders McNew
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257
Fax: (561) 299-3705

*Counsel for the Defendants,*
 *ADT Inc. & ADT LLC*

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses was served by CM/ECF this 14th day of June, 2018, upon all counsel of record duly registered to receive service of papers in this cause.


          /s/ C. Sanders McNew
         C. Sanders McNew