UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 9:18-CV-80605-ROSENBERG/REINHART

SHELLI BUHR, on behalf of herself and others similarly situated,

        Plaintiff,

v.

ADT, INC. and ADT LLC,

        Defendants.

**JOINT SCHEDULING REPORT**

Pursuant to the Court's Order entered June 11, 2018 (Doc. 9), Rule 26(f) of the Federal Rules of Civil Procedure, and Rule 16.1 of the Local Rules of the Southern District of Florida, Plaintiff Shelli Buhr and Defendants ADT, Inc. and ADT LLC respectfully submit this Joint Scheduling Report following the parties' telephonic Rule 26(f) conference held on June 19, 2018.[1]

### I. Discovery Plan

    A. **Initial Disclosures**: The parties will exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on July 3, 2018. The parties do not propose any changes to the timing or form of disclosures.

    B. **Subjects of Discovery**: Plaintiff has delivered Early Rule 34 Requests, which were deemed served on June 19, 2018. Topics covered in these requests, and

---

[1] The parties' [Proposed] Joint Scheduling Order and Order Referring Case to Mediation is attached as Exhibit A hereto. The parties will email the proposed order to the Court.

topics about which Plaintiff intends to seek additional discovery, include, *inter alia*:

- Records maintained by Defendants concerning Plaintiff and class members;
- The systems and equipment used to call or text Plaintiff and class members, including information concerning Avaya Proactive Contact 5.1;
- Logs of Defendants' debt collection calls and text messages;
- Records concerning persons who did not consent to receive calls or text messages from Defendants;
- Records concerning persons who revoked their consent to receive calls or text messages from Defendants;
- PossibleNow database records concerning debt collection calls and persons who revoked their consent to receive calls from Defendants;
- Agreements between Defendants and PossibleNow;
- Defendants' residential services contracts and alarm services contracts;
- Consumer complaints concerning unwanted debt collection calls and text messages;
- Defendants' TCPA compliance efforts;

Defendants anticipate that they will seek discovery on the following topics including, but not limited to:

- Whether plaintiff and class members provided prior express consent;
- Plaintiff's cell phone numbers and her cell phone records;

2

- the phone and number on which Plaintiff received the sued-over texts and phone calls, including whether it is a cell number or VoIP number;
- information reflecting where plaintiff was and the circumstances surrounding her receipt of the complained-of phone calls and text messages;
- correspondence from Plaintiff to ADT or other persons regarding the allegations and defenses to be raised in this case;
- the factual bases for Plaintiff's Complaint;
- Plaintiff's tax returns;
- Plaintiff's business interests and employment history;
- and Plaintiff's litigation history.

C. **When Discovery Should be Completed and Whether Discovery Should be Phased or be Limited to or Focused on Particular Issues:** As set forth in the parties [Proposed] Joint Scheduling Order (Ex. A hereto), the parties propose that all discovery be completed by December 28, 2018 subject to a decision on Defendants' forthcoming Motion to Stay the litigation pending the Federal Communications Commission's request for comment on and corresponding declaratory rulings regarding, among others, the TCPA's "automatic telephone dialing system" definition. At this time, the parties do not believe discovery should be bifurcated or phased.

D. **Electronically Stored Information:** Plaintiff prepared a draft ESI protocol, which Plaintiff sent to Defendants on June 15, 2018. The parties have discussed this draft and items covered in this District's ESI Checklist. The parties are

3

        continuing to negotiate these matters but expect to submit a joint proposed ESI order.

    E.    **Preservation of Evidence:** The parties have taken necessary measures to preserve all potentially relevant evidence.

    F.    **Privilege Issues and Trial Preparation Materials:** Plaintiff prepared a draft protective order, which Plaintiff sent to Defendants on June 15, 2018. The parties have discussed this draft and are continuing to negotiate these matters. The parties expect to submit a joint proposed protective order that governs the treatment of confidential information produced in this litigation and also addresses the inadvertent production of privileged materials.

    G.    **Changes to Limitations on Discovery:** At this time the parties do not believe that any changes need to be made to the limitations on discovery under the federal and local rules. The parties may request to limit or expand the use of any discovery device upon a showing of good cause.

**II.**    **Information Required by S.D. Fa. L.R. 16.1(b)**

    A.    **Likelihood of settlement:** The parties have engaged in preliminary discussions regarding the likelihood of resolving this case at an early stage but do not believe a settlement is likely at this time. Settlement negotiations may be productive after a period of discovery.

    B.    **Likelihood of appearance of additional parties:** At this time, the parties do not anticipate the appearance of additional parties, but they have proposed August 24, 2018 as the deadline to join other parties, except upon a showing of good cause.

    C.    **Proposed limits on the time:**

1. **To join other parties and to amend the pleadings**: The parties propose August 24, 2018 as the deadline to join other parties and to amend pleadings, except upon a showing of good cause.  Plaintiff proposes that the deadline to amend the complaint regarding class certification matters be 30 days after the hearing on Plaintiff's anticipated motion for class certification and any amendment would be limited to conform to the Court's decision concerning class certification.

2. **To file and hear motions:**  The parties propose January 29, 2019 (90 days before trial) as the deadline for dispositive pretrial motions and *Daubert* motions (including motions to strike experts). The parties also propose September 28, 2018 as the deadline for Plaintiff's motion for class certification.

3. **To complete discovery:**  The parties propose December 28, 2018 (120 days before trial) as the deadline to complete all discovery.

D. **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The parties have met and conferred concerning the factual basis for Plaintiff's claims, which arise from debt collection calls made to Plaintiff's cellular phone after she allegedly revoked her consent to receive such calls.  Defendants provided information concerning the equipment it used to call Plaintiff and Defendants' consent records.  Plaintiff intends to use this information to narrow her allegations in an amended complaint and focus only on those calls, which Plaintiff contends violate the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*  The parties will

5

continue to meet and confer to discuss any future proposals regarding the formulation and simplification of issues. Plaintiff may move for summary judgment or partial summary judgment on her claims by the deadline proposed in Section C above. Defendants similarly may move for summary judgment or partial summary judgment on Plaintiff's claims by the deadline proposed in Section C above.

E. **The necessity or desirability of amendments to the pleadings:** As noted in section D, *supra*, Plaintiff intends to amend her complaint to narrow her allegations in accordance with information Defendants have provided about their calling systems. Defendants similarly may amend its Answer and Affirmative Defenses.

F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The parties will meet and confer in good faith regarding admissions that will avoid unnecessary proof. The parties will make good faith efforts to stipulate to the authenticity of documents to avoid unnecessary disputes at trial.

G. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

None at this time, but the parties will meet and confer as necessary throughout the course of this litigation to further the efficient management of this action.

H. **Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

This matter has been referred to Magistrate Judge Reinhart for disposition of all *pro hac vice* motions, motions to substitute counsel, and discovery-related pretrial motions. (Doc. 9.) At this time, the parties do not consent to have a magistrate judge

preside over this action for all purposes. The parties believe that the appointment of a special master is not necessary at this time.

I. **A preliminary estimate of the time required for trial:**

Plaintiff has demanded a jury trial and believes it is premature to accurately estimate the length for trial at this time. Depending on how this matter progresses, the parties estimate that 4 to 5 days will be necessary if this matter proceeds to trial on a class basis.

J. **Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

This matter is set for a Status Conference on March 27, 2019, a Calendar Call on April 24, 2019, and trial beginning on April 29, 2019. (Doc. 9.)  The parties request that the Court hold a case management conference once every 60 days.

K. **Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

None at this time.

Dated: June 22, 2018                              Respectfully submitted,

| By: s/Adam M. Moskowitz | By: s/Charles S. McNew |
| --- | --- |
| Adam M. Moskowitz | **Charles Sanders McNew** |
| adam@moskowitz-law.com | McNEW P.A. |
| Howard M. Bushman | 2385 NW Executive Center Drive |
| howard@moskowitz-law.com | Suite 100 |
| Joseph M. Kaye | Boca Raton, FL 33431 |
| joseph@moskowitz-law.com | 561-299-0257 |
| Adam A. Schwartzbaum | Fax: 561-299-3705 |
| adams@moskowitz-law.com | Email: mcnew@mcnew.net |
| The Moskowitz Law Firm, PLLC | |
| 2 Alhambra Plaza, Suite 601 | **Daniel S. Blynn** |
| Coral Gables, FL 33134 | **Mary M. Gardner** |
| Telephone: (305) 740-1423 | Venable LLP |
| Facsimile: (305) 786-298-5737 | 600 Massachusetts Avenue, N.W. |

| | |
|---|---|
| Daniel C. Girard (*pro hac vice* )<br>Simon S. Grille (*pro hac vice*)<br>Angelica M. Ornelas *(pro hac vice)*<br>**GIRARD GIBBS LLP**<br>601 California Street, 14th Floor<br>San Francisco, California 94108<br>Tel: (415) 981-4800<br>dcg@girardgibbs.com<br>sg@girardgibbs.com<br>amo@girardgibbs.com<br><br>*Counsel for Plaintiff and the Proposed Class* | Washington, DC 20001<br>202-344-4619<br>Email: dsblynn@venable.com<br>Email: mmgardner@venable.com |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 9:18-CV-80605-ROSENBERG/REINHART

SHELLI BUHR, on behalf of herself and others similarly situated,

        Plaintiff,

v.

ADT, INC. and ADT LLC,

        Defendants.

**[PROPOSED] JOINT SCHEDULING ORDER AND
ORDER REFERRING CASE TO PRIVATE MEDIATION**

Having considered the Joint Scheduling Report of the parties, the Court hereby **ORDERS** the following:

### I.    PRETRIAL DEADLINES

Pursuant to Local Rule 16.1(a), this case is assigned to a Standard Case Management Track. The pretrial deadlines in this action, which shall not be modified absent compelling circumstances, are as follows:

**July 3, 2018**: Rule 26(a)(1)(A) Initial Disclosures (if not provided earlier).

**July 25, 2018**: Deadline to designate a mediator and to schedule a time, date, and place for mediation.

**August 24, 2018**: Deadline for joinder of additional parties and to amend pleadings, except upon a showing of good cause. The deadline to amend the complaint regarding class certification matters will be 30 days from the hearing on Plaintiff's motion for class

9

certification and any amendment would be limited to conform to the Court's decision concerning class certification.

**September 28, 2018:**  Deadline for Plaintiff's motion for class certification.

**October 5, 2018**:  The parties shall provide opposing counsel with a written list with the names and addresses of all primary/initial expert witnesses intended to be called at trial and only those primary/initial expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of its expert witness(es)' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30-day period following this disclosure, the parties shall make their expert(s) available for deposition. The expert(s)' deposition(s) may be conducted without further Court order.

**November 9, 2018**:  The parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30-day period following this disclosure, the parties shall make their expert(s) available for deposition. The expert(s)' deposition(s) may be conducted without further Court order.

**December 28, 2018**:  All discovery shall be completed.

**January 29, 2019**:  Dispositive pretrial motions and *Daubert* motions (including motion to strike experts) shall be filed.

**February 28, 2019**:  Mediation must be completed.

**March 29, 2019**:  Joint Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made. Parties shall also exchange Rule 26(a)(3) witness and exhibit lists.

**April 12, 2019**:  Objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances.

**April 19, 2019**:  Jury Instructions or Proposed Findings of Fact and Conclusions of Law shall be filed.

## II.   MEDIATION

Pursuant to Local Rule 16.2, this case is referred to mediation as follows:

a. Mediation shall be completed by the above stated deadline;

b. The parties shall, within the deadline set forth above, agree upon a mediator and file a Notice of such with the Court. If the parties are unable to agree upon mediator, they shall ask the Clerk of Court to designate a mediator from the list of certified mediators on a blind random basis;

c. Counsel for Plaintiff shall be responsible for coordinating the mediation conference date and location agreeable to the mediator and all counsel of record;

d. Within seven (7) days of the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof; and

e. The parties shall refer to the Court's Order Setting Status Conference, Calendar Call, and Trial Date for instructions on how to proceed after settlement.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida this _____ day of _____, 2018.

```
                                      _____
                                      ROBIN L. ROSENBERG
                                      UNITED STATES DISTRICT JUDGE
```

Copies furnished to: All counsel of record via CM/ECF