UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

No. 9:18-cv-80605-Rosenberg/Reinhart

SHELLI BUHR,

    Plaintiff,

-vs-

ADT LLC,

    Defendant.

                                            /

**ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**

Defendant ADT LLC ("ADT"), by and through its undersigned attorneys, hereby files its Answer and Affirmative Defenses to the First Amended Complaint ("FAC"). ADT denies each and every allegation not specifically admitted, qualified, or explained and, in response to each of the numbered allegations in the FAC, states as follows:

**SUMMARY OF THE ACTION**

1. ADT admits that it placed calls to Plaintiff, but otherwise denies knowledge or information sufficient to form a belief as to whether Plaintiff, in fact, "received" calls from ADT. ADT denies the remaining allegations contained in Paragraph 1 of the FAC.

2. ADT admits that, at times, it has used the Avaya Proactive Contact 5.1 calling platform ("Avaya 5.1"), among other calling platforms, to place collection calls to Plaintiff and some putative class members. ADT further admits that, in some instances, those calls included prerecorded messages. ADT denies the remaining allegations contained in Paragraph 2 of the FAC.

3. ADT admits that Plaintiff brings this action for alleged violations of the Telephone Consumer Protection Act ("TCPA").  ADT otherwise denies the remaining allegations contained in Paragraph 3 of the FAC and specifically denies that it has violated the TCPA.

## PARTIES

4. ADT admits that it is a Delaware limited liability company and otherwise admits the remaining allegations contained in Paragraph 4 of the FAC.

5. ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the FAC.

## JURISDICTION AND VENUE

6. The allegations contained in Paragraph 6 of the FAC assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT admits the allegations contained in Paragraph 6 of the FAC.

7. The allegations contained in Paragraph 7 of the FAC assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT denies the allegations contained in Paragraph 7 of the FAC.  Moreover, ADT specifically denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

8. The allegations contained in Paragraph 8 of the FAC assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT admits the allegations contained in Paragraph 8 of the FAC.

9. The allegations contained in Paragraph 9 of the FAC assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT admits the allegations contained in Paragraph 9 of the FAC.

## FACTUAL ALLEGATIONS

**A. Overview of the Problems with Automatic Telephone Dialing Systems.**

10.     ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 10 of the FAC.  The remaining allegations in Paragraph 10 purport to characterize the content of publicly-available sources; ADT specifically denies the characterization of those sources to the extent such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of those sources.  ADT further specifically denies the complaints referenced in Paragraph 10 to the extent that they relate to lawful transactional calls between businesses and their customers.

11.     ADT denies the allegations contained in the first sentence of Paragraph 11 of the FAC.  ADT admits that, in 1991, Congress enacted the TCPA specifically to address "[u]nrestricted telemarketing."  Telephone Consumer Protection Act of 1991, Pub. L. 102–243, § 2, ¶¶ 5, 10, 12, 13, 105 Stat. 2394 (1991).  The remaining allegations in Paragraph 11 purport to characterize the content of a statute; ADT specifically denies the characterization of that statute to the extent such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that statute.

12.     The allegations in Paragraph 12 of the FAC purport to characterize what constitutes "autodialed" calls, ATDS, "autodialers," and "predictive dialers," how they operate, and why companies may use predictive dialers; ADT denies those characterizations to the extent such characterizations are incomplete or inaccurate.  ADT further denies knowledge or information sufficient to form a belief about the truth of the allegations regarding other companies' use of ATDS or predictive dialers.  The allegations contained in the last sentence of Paragraph 12 are

legal conclusions to which no response is required. To the extent a response is necessary, ADT denies the allegations contained in Paragraph 12 of the FAC.

### B. ADT Placed Non-Emergency Calls on Plaintiff's Cellular Phone after She Expressly Revoked Her Consent.

13. ADT admits the allegations contained in the first two sentences of Paragraph 13 of the FAC. The allegations contained in the third sentence of Paragraph 13 are legal conclusions to which no response is required and, to the extent a response is necessary, ADT denies the allegations contained in that sentence. ADT otherwise denies the remaining allegations contained in Paragraph 13 of the FAC.

14. ADT admits that it placed a call to Plaintiff on August 15, 2017, and that ADT sent a text message to Plaintiff on that same date, but denies knowledge or information sufficient to form a belief about whether Plaintiff, in fact, "received" either the call or text message. ADT admits the second sentence of Paragraph 14 of the FAC. ADT otherwise denies the remaining allegations contained in Paragraph 14 of the FAC.

15. ADT admits that it placed a call to Plaintiff on August 16, 2017, but denies knowledge or information sufficient to form a belief about whether Plaintiff, in fact, "received" the call. ADT otherwise denies the remaining allegations contained in Paragraph 15 of the FAC.

16. ADT denies the allegations contained in the first sentence of Paragraph 16 of the FAC. ADT admits the allegations contained in the second sentence of the Paragraph 16 of the FAC.

17. ADT admits that it called Plaintiff to collect a past due balance that Plaintiff owed to ADT. ADT further responds that the allegations contained in the first sentence of Paragraph 17 of the FAC assert legal conclusions to which no response is required. To the extent a response is necessary, ADT admits the allegations contained in the first sentence of Paragraph 17 of the FAC.

**C. ADT Made Calls to Plaintiff's Cellular Phone Number after it Acknowledged that Plaintiff Revoked Her Consent.**

18. ADT admits the allegations contained in Paragraph 18 of the FAC.

19. ADT admits the allegations contained in Paragraph 19 of the FAC.

20. ADT denies the allegations contained in Paragraph 20 of the FAC.

**D. Avaya 5.1 Is an Automatic Telephone Dialing System.**

21. ADT denies the allegations contained in Paragraph 21 of the FAC.

22. ADT denies the allegations contained in Paragraph 22 of the FAC.

**E. ADT Made Calls to Plaintiff's Cellular Phone Using an Artificial or Prerecorded Voice.**

23. ADT denies the allegations contained in Paragraph 23 of the FAC.

24. ADT denies the allegations contained in Paragraph 24 of the FAC.

**F. Plaintiff's Expert, Jeffrey Hansen, Will Opine that Avaya 5.1 is an ATDS and that ADT's Use of Avaya 5.1 Violated the TCPA.**

25. ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the FAC.

26. ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the FAC.  Further, to the extent that the allegations in Paragraph 26 purport to characterize the content of Mr. Hansen's report, ADT specifically denies the characterization of that report to the extent such characterization is incomplete or inaccurate, and respectfully refers the Court to the full text of that report.

27. ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the FAC.

**G. ADT's Violations of the TCPA Harmed Plaintiff.**

28. ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the FAC.

29. ADT denies the allegations contained in the first sentence of Paragraph 29 of the FAC.  ADT denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 29 of the FAC.

30. ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the FAC.

31. ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the FAC.

## CLASS ACTION ALLEGATIONS

32. The allegations asserted in Paragraph 32 of the FAC assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

33. The allegations asserted in Paragraph 33 of the FAC assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

34. The allegations asserted in Paragraph 34 of the FAC assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

35. The allegations asserted in Paragraph 35 of the FAC assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

36. The allegations asserted in Paragraph 36 of the FAC, including all of its subparts, assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

37. The allegations asserted in Paragraph 37 of the FAC, including all of its subparts, assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

38. The allegations asserted in Paragraph 38 of the FAC, including all of its subparts, assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

39. The allegations asserted in Paragraph 39 of the FAC, including all of its subparts, assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this

action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

40. The allegations asserted in Paragraph 40 of the FAC, including all of its subparts, assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

### FIRST CLAIM FOR RELIEF
### Negligent Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

41. ADT repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 40 of the FAC as though set forth again in full.

42. ADT denies the allegations contained in Paragraph 42 of the FAC.

43. ADT denies the allegations contained in Paragraph 43 of the FAC.

44. ADT denies the allegations contained in Paragraph 44 of the FAC.

45. ADT denies the allegations contained in Paragraph 45 of the FAC.

### SECOND CLAIM FOR RELIEF
### Knowing or Willful Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

46. ADT repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 40 of the FAC as though set forth again in full.

47. ADT denies the allegations contained in Paragraph 47 of the FAC.

48. ADT denies the allegations contained in Paragraph 48 of the FAC.

49. ADT denies the allegations contained in Paragraph 49 of the FAC.

50. ADT denies the allegations contained in Paragraph 50 of the FAC.

## PRAYER FOR RELIEF

With respect to Plaintiff's Prayer for Relief included at the conclusion of Plaintiff's FAC:

(a) ADT denies that Plaintiff is entitled to an Order certifying any class as sought in Paragraph (a). Further, ADT denies that Plaintiff is entitled to bring this action on behalf of a class and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

(b) ADT denies that Plaintiff is entitled to any award of damages as sought in Paragraph (b).

(c) ADT denies that Plaintiff is entitled to any award of damages as sought in Paragraph (c).

(d) ADT denies that that Plaintiff is entitled to any declaratory or injunctive relief as sought in Paragraph (d).

(e) ADT denies that Plaintiff is entitled to any other relief as sought in Paragraph (e).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The FAC fails to state a claim upon which relief can be granted against ADT.

### Second Affirmative Defense

Plaintiff and each putative class member consented to receive the calls over which they complain.

### Third Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred by their failure to mitigate damages.

### Fourth Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred because Plaintiff and each putative class member lacks standing to assert any claims against ADT.

### Fifth Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred by the doctrine of unclean hands, doctrine of waiver, estoppel, and/or release.

### Sixth Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred because Plaintiff and each putative class member ratified, consented to, and approved the conduct of which Plaintiff and each putative class member now complain.

### Seventh Affirmative Defense

Plaintiff's and each putative class member's purported claims for claims for injunctive and/or declaratory relief are barred because Plaintiff and each putative class member cannot show that they have suffered or will suffer any irreparable harm or future harm from ADT's alleged actions.

### Eighth Affirmative Defense

Plaintiff's and each purported class member's purported claims for equitable relief, including but not limited to claims for an injunction and/or declaratory relief, are barred because they have an adequate remedy at law.

### Ninth Affirmative Defense

To the extent that the FAC seeks treble damages, it violates ADT's rights to protection against excessive fines, and equal protection and procedural and substantive due process under

the Fifth and Fourteenth Amendment to the U.S. Constitution and, therefore, fails to state a basis upon which such damages may be awarded.

### Tenth Affirmative Defense

To the extent that Plaintiff, or any putative class member, has agreed to arbitrate the purported claims asserted in the FAC, the FAC violates such agreement to arbitrate and should be dismissed and/or stayed and Plaintiff, or any putative class member, should be compelled to arbitrate.

### Eleventh Affirmative Defense

Plaintiff's, and each putative class member's, claims for damages are limited by the limitation on damages provision contained in a valid and binding contract between Plaintiff, or each putative class member, and ADT.

### Twelfth Affirmative Defense

Plaintiff's and each putative class member's purported claims for relief are barred for failure to satisfy the criteria for class certification in accordance with Fed. R. Civ. P. 23.

### Thirteenth Affirmative Defense

ADT expressly reserves the right to raise additional affirmative or other defenses that may be established by discovery and the evidence in this case.

Wherefore, ADT requests that this Court enter a judgment as follows:

1. dismissing the FAC in its entirety with prejudice;

2. awarding ADT its costs of suit including reasonable attorneys' fees; and

3. awarding other and further relief that this Court deems just and proper.

Dated:  July 12, 2018                                      Respectfully submitted,

**McNEW P.A.**

 /s/ *C. Sanders McNew*
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257
Fax: (561) 299-3705

*-and-*

**Venable LLP**

Daniel S. Blynn (admitted *pro hac vice*)
dsblynn@venable.com
Mary M. Gardner (admitted *pro hac vice*)
mmgardner@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4000
Fax: (202) 344-8300

*Attorneys for the Defendant, ADT LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on this twelfth day of July, 2018, I filed the foregoing Answer using the CM/ECF system, which automatically sends an electronic notification to all counsel duly registered to receive service of filings in this case.

 /s/ C. Sanders McNew
C. Sanders McNew