UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 9:18-CV-80605-ROSENBERG/REINHART

SHELLI BUHR, ON BEHALF OF HERSELF
AND ALL OTHERS SIMILARLY SITUATED,

        Plaintiff,

v.

ADT LLC,

        Defendant.

## PLAINTIFF'S MOTION TO LIFT STAY

Plaintiff Shelli Buhr respectfully moves to lift the stay on this case. In support thereof, Plaintiff states:

### INTRODUCTION

The Court should lift the stay on this case because, despite the passage of nearly six months since the Court entered the stay, the FCC has not provided any indication that it is poised to act with any alacrity in resolving what constitutes an "automatic telephone dialing system" (or "ATDS"). Plaintiff continues to be prejudiced by being required to wait for the FCC to act, particularly here, where it is reasonable to conclude that a final decision could still be years away. The stay should also be lifted so that Plaintiff can proceed to discovery regarding her claims that Defendant, ADT LLC ("ADT"), called her using an artificial or pre-recorded voice – a claim that is viable regardless of whether Defendant placed the call using an ATDS or not.

### FACTUAL BACKGROUND

This is a class action seeking to hold ADT liable, pursuant to the Telephone Consumer Protection Act ("TCPA"), for calls it made to consumers' cell phones without their consent. An important (though not dispositive) legal issue in this litigation is whether ADT called Plaintiff

and members of the Class using an ATDS. ADT moved to stay this case because the FCC is considering a joint trade petition regarding the definition of an ATDS and issued a Public Notice requesting comments on how ATDS should be defined. ECF 22 at 3. In response, Plaintiff argued that a stay should be denied because it would be "indefinite," and "could take years." ECF 28 at 13–14. Plaintiffs further explained that a stay would impede discovery regarding allegations in the complaint that ADT made calls "using a prerecorded or automated voice, which is an independent basis for stating a claim under the TCPA. *Id.* at 15–16.

On July 25, 2018, the Court granted ADT's motion "for all of the reasons set forth in the Motion." ECF 40. The Order stays the case "pending a ruling from the FCC that clarifies the definition of 'an automatic telephone dialing system' under the TCPA as discussed in Defendant's Motion." *Id.* Further, the parties were ordered to "apprise the Court in a status report" if "the FCC has not rendered such a ruling . . . within five months of the date of rendition of this Order[.]" *Id.*

The parties recently provided the Court with the joint status report. ECF 46. As Plaintiff anticipated, the FCC has not issued any rulings regarding the definition of an ATDS. To the contrary, the FCC issued an additional public notice, in October 2018, seeking further comment regarding what constitutes an ATDS in light of the recent Ninth Circuit opinion, *Marks v. Crunch San Diego*. FCC Public Notice, *Consumer and Governmental Affairs Bureau Seeks Further Comment on Interpretation of the Telephone Consumer Protection Act in Light of the Ninth Circuit's Marks v. Crunch San Diego, LLC Decision*, (October 3, 2018) (hereinafter, the "October Public Notice"). The FCC's *actions* (seeking additional information as it assesses the ATDS issue) significantly undercut FCC Chairman Pai's September 2018 statements that the

2

FCC "is now poised to examine and reconsider [the ATDS] issues." ECF 46 at 6. There is no concrete evidence that the FCC will act anytime soon to address the ATDS definition.

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55 (citations omitted). These "competing interests" include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Sellers ex rel. 21st Century Holding Co. v. Lawson*, No. 08-60374, 2009 WL 10698793, at *2 (S.D. Fla. March 30, 2009) (citations omitted).

The first factor asks what possible damage could result from the imposition of a stay. At the time it issued its previous order, the Court was advised that the Public Comment period on the ATDS issue was drawing to a close and that a decision would therefore be made quickly. In the intervening period, however, the FCC issued an October Public Notice. Given the fact that the FCC has yet to rule on the May Public Notice, the issuance of this October Public Notice seeking comment on the same subject matter is a strong indication that no FCC rulemaking is imminent and in fact, the FCC will most likely take no action for the next year. *C.f. Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 532, n.1 (E.D. Mo. 2018) ("[T]he FCCs 2015 rulemaking defining ATDS was finalized after about six years of notice, comment, and rule development.");

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012) (The FCC's 2008 Order concerning the TCPA was the result of a petition filed in 2005).

In analogous situations, courts have recognized that if a stay continues, "Plaintiff and other class members could be prejudiced." *Salehi v. Bluestem Brands, Inc.*, No. 16cv0924, 2018 WL 703015, at *2 (S.D. Cal. Feb. 2, 2018) (entering order lifting stay of TCPA-related case). Prejudice may result from a stay "because witness memories may fade, turnover of employees . . . may result in diminished access to material witnesses, and it may become more difficult to locate and notify putative class members as time lapses." *Id.* This prejudice is "exacerbated by the unknown duration of a stay" where, as here, the stay is predicated on a decision by another authority. *Id. See also Adams v. Nationstar Mortgage LLC*, No. CV 15-9912, 2018 WL 702848, at * (C.D. Cal. Eb. 2, 2018) (lifting stay of TCPA action, and explaining that the "prejudice resulting from this substantial delay weighs heavily toward granting Plaintiff's motion").

The second factor asks whether either side will suffer any hardship or inequity if the stay is lifted. In its original motion to stay, ADT stated that a stay would "promote judicial economy" and "conserve both the Court's parties' resources," but never argued that it would suffer any true "hardship or inequity" if obligated to proceed with this litigation. Indeed, before the stay was entered, the parties were working together to address ADT's objections to Plaintiff's discovery, so that the parties could begin to deduce how so many debt collection calls were illegally made to Plaintiff (and other members of the class). As a consequence of the stay, such useful efforts have been stymied.  In addition, the FCC's rulemaking has no bearing on Plaintiff's claims that ADT used an artificial or pre-recorded voice to call her and class members.  Thus, the pending FCC rulemaking does not justify a stay of discovery concerning these calls.  Minute Order, *Prather v. Wells Fargo Bank, N.A.*, No. 1:17-cv-00481 (N.D. Ill. July 16, 2018), ECF No. 53

("Plaintiff's pre−recorded voice call theory is not at issue in the debate over the definition of an ATDS"); *see also Reyes v. BCA Fin. Servs., Inc.*, 312 F. Supp. 3d 1308, 1325 (S.D. Fla. 2018) (explaining that the use of an artificial or prerecorded voice is "an additional, separate statutory basis for relief") (internal quotations and citation omitted).

With each passing day, the prejudice to Plaintiff and members of the class continues to mount, while the only hardship to ADT is to provide discovery that it will need to produce anyway. With no merits decision pending in this case, there is no basis to continue to stay discovery. *See* Minute Order, *Prather v. Wells Fargo Bank, N.A.*, No. 1:17-cv-00481 (N.D. Ill. July 16, 2018), ECF No. 53 ("Allowing discovery to conclude will not interfere with the FCC's primary jurisdiction because no opinion from this court on the merits is pending.") Accordingly, the second factor weighs in favor of lifting the stay. *See Salehi*, 2018 WL 703015, at *2 (quoting *Montegna v. Ocwen Loan Servicing, LLC*, No. 17-CV-00939, 2017 WL 4680168, at *10–11 (S.D. Cal. Oct. 18, 2017) ("requiring both parties to engage in conduct they would unavoidably have to in any event does not warrant an imposition of a delay that cause a matter to come to a grinding halt")).

The third factor asks whether and how a stay will affect the orderly course of justice, *i.e.*, whether a stay will simplify or complicate the issue in the case. An FCC ruling on the ATDS definition could simplify those issues.

> However, these terms are defined in the current case law, and the parties can proceed with this case under that law. The decision [by the FCC] may change the legal analysis, but the parties can still investigate the facts, and apply the law as it currently stands to those facts. If the law changes, the parties can reevaluate their positions and change tactics, if necessary. Thus, although continuing the stay would simplify the legal issues in this case, it would not simplify the factual issues. Indeed, any further delay could complicate those issues if it has not done so already. Thus, this factor is neutral.

*Salehi*, 2018 WL 703015, at *3. Indeed, as Plaintiff has repeatedly emphasized, courts across the country have not stayed these matters but in fact have continued to issue specific rulings in similar TCPA cases. *See, e.g., Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) (concluding that an ATDS is "not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to store numbers and to dial stored numbers automatically."); *see also O'Shea v. American Solar Solution, Inc.,* No.3:14-cv-00894, 2018 WL 3217735, at *2 (S.D. Cal. Jul. 2, 2018) ("The ACA decision left intact the holding" that "an autodialer is an ATDS.").

An indefinite stay also would deprive Class members of the TCPA's protections against continuing, harassing robocalls. Consumers continue to regularly register new complaints of unwanted ADT calls. *See, e.g.*, *Jackson v. ADT, LLC*, No. 18-06236 (N.D. Ill. Sep. 12, 2018). On the other hand, there is little risk of any prejudice to ADT by simply resuming this litigation. The case is a straightforward one in its early stages, and ADT will need to participate in tailored and direct discovery regardless of the FCC's ruling. In the unlikely event that the FCC issues a ruling in the near future, ADT will have every opportunity to present such guidance to the Court in a dispositive motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order lifting the stay and allowing discovery to immediately proceed.

Dated: January 9, 2019          Respectfully submitted,

By: <u>Adam M. Moskowitz, Esq.</u>
Adam M. Moskowitz, Esq.
adam@moskowitz-law.com
Howard M. Bushman, Esq.

6

howard@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza
Suite 601
Coral Gables, FL 33134
Tel: (305) 740-1423

Daniel C. Girard (admitted *pro hac vice*)
dcg@girardgibbs.com
Simon S. Grille (admitted *pro hac vice*)
sg@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on January 9, 2019 with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

    /s/ Adam M. Moskowitz
    Adam M. Moskowitz, Esq.